United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RUDOLPH THOMAS,

          Plaintiff,

v.

SPRINT SOLUTIONS, INC.,

          Defendant.

NO. C08-5119 TEH

ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STAY CASE

This matter comes before the Court on a motion to stay filed by Defendant Sprint Solutions, Inc. ("Sprint"). After reviewing the parties' written arguments, the Court finds this motion suitable for resolution without oral argument and VACATES the motion hearing scheduled for September 28, 2009. For the reasons set forth below, the Court now GRANTS IN PART and DENIES IN PART Sprint's motion to stay.

First, the Court GRANTS the motion as to all claims alleging that the late fees charged by Sprint violate California law. This case is one of three putative class actions brought against cellular telephone carriers based on fees charged to California consumers who make late payments. In one of those cases, *Barahona v. T-Mobile USA, Inc.*, Case No. 08-1631 RSM (W.D. Wash.), the court referred to the Federal Communications Commission ("FCC"), under the primary jurisdiction doctrine, the issue of whether the late fees charged by T-Mobile are "rates" under 47 U.S.C. § 332(c)(3)(A) and, if so, whether they are reasonable under applicable law. The court then stayed the case pending proceedings before the FCC. In the second case, *Ruwe v. Cellco Partnership dba Verizon Wireless*, Case No. 07-3679 JSW (N.D. Cal.), the court originally ruled on a motion to dismiss that late fees were not "rates" but, subsequent to the stay imposed in the T-Mobile case, granted Verizon's motion to stay the case pending the outcome of the FCC proceedings. This Court finds it efficient to now impose a stay on the third case concerning the same issue. Doing so will

1 promote national uniformity and judicial economy, and it is not disputed that the Court has
2 the discretion to stay proceedings under its inherent authority to control its docket.
3 However, as Plaintiff Rudolph Thomas argues and Sprint does not dispute, 47 U.S.C.
4 § 332 does not preempt state disclosure laws. *See Peck v. Cingular Wireless, LLC*, 535 F.3d
5 1053, 1057-58 (9th Cir. 2008). Accordingly, the Court DENIES Sprint's motion to stay as to
6 Thomas's third cause of action, under California Business and Professions Code section
7 17200, to the extent it is based on allegations that Sprint unlawfully failed to disclose the late
8 fees charged to customers. Sprint asserts that Thomas does not state a claim based on
9 allegedly deceptive business practices, but that assertion is clearly belied by the complaint,
10 which alleges that:

> Sprint's liquidated damages provision is unfair and deceptive because Sprint conceals its unlawful practice by not disclosing the actual amount of the fee in its form adhesion contract. . . . Sprint unfairly and deceptively hides in advance the amount of the [late] fee. If Sprint's penalty provision is legal, Sprint nevertheless should specify the exact amount in its adhesion contract so that consumers have the opportunity to agree to that amount (*e.g.*, by continuing to use Sprint's services with knowledge of the exact amount) or reject it (*e.g.*, by cancelling their service).

17 Compl. ¶ 2. The complaint also alleges elsewhere that Sprint's practices "are deceptive
18 because, among other reasons, Sprint does not even disclose the amount of the fee in the
19 adhesion contract imposed on Plaintiff and the proposed classes on a take it or leave it basis."
20 *Id.* ¶ 46. Thus, this Court finds that Thomas has attempted to state a claim based on
21 deceptive practices. Sprint argues in its reply that any claim based on fraudulent practices
22 alone would fail as a matter of law, but the Court does not find resolution of that issue to be
23 suitable on this motion to stay.

25 **IT IS SO ORDERED.**

27 Dated: 09/02/09

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

2