United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RUDOLPH THOMAS, et al.,

                    Plaintiffs,

          v.

SPRINT SOLUTIONS, INC.,

                    Defendant.

NO. C08-5119 TEH

ORDER GRANTING
DEFENDANT'S MOTION TO
DISMISS SECOND AMENDED
COMPLAINT

On March 30, 2010, this Court clarified "that the stay imposed on September 2, 2009, encompasses all claims that would require a determination of whether the late and reconnect fees charged by [Defendant] Sprint [Solutions, Inc.] are reasonable or lawful."  Mar. 30, 2010 Order at 13.  The Court dismissed the non-stayed Consumers Legal Remedies Act ("CLRA") claim under paragraph 52 of the First Amended Complaint after finding that Plaintiffs' allegations did not rise to the required level of substantive unconscionability.  The Court dismissed Plaintiffs' non-stayed Unfair Competition Law ("UCL") claims for failure to allege standing.

Plaintiffs were granted leave to amend their non-stayed UCL claims and filed a timely second amended complaint ("SAC") on April 26, 2010.  Sprint's motion to dismiss the SAC is now before the Court.  After reviewing the parties' written arguments, the Court finds this motion suitable for resolution without oral argument and VACATES the motion hearing scheduled for June 14, 2010.

As Plaintiffs admitted in their one-page opposition, "[t]he standing allegations in the SAC are substantially similar to those in the First Amended Complaint."  Opp'n at 1.  Plaintiffs explained that they "continue to believe that their standing allegations are sufficient" but "recognize[] that this Court has previously ruled that standing allegations in substantially the same form do not suffice under California's Unfair Competition Law.

1   Plaintiffs respectively seek to preserve their right to appeal the sufficiency of these

2   allegations."  *Id.*  In light of Plaintiffs' acknowledgment that they did not amend their

3   standing allegations to comply with this Court's March 30, 2010 order and have no intention

4   of doing so, Plaintiffs' non-stayed UCL claims are now dismissed with prejudice.

5           Sprint also asks that the Court dismiss Plaintiffs' non-stayed CLRA claim with

6   prejudice, but the Court has already done so.  Presumably, Plaintiffs did not delete the

7   challenged paragraph from the SAC because the paragraph contains both stayed and non-

8   stayed claims:  "To the extent that the paragraph alleges that the CLRA is violated by failure

9   to disclose the amounts of the late and reconnect fees, the allegations are not covered by the

10  stay.  However, to the extent that the paragraph alleges that the CLRA is violated because the

11  charged fees are excessive, the allegations are included in the stay."  Mar. 30, 2010 Order

12  at 5.  The Court dismissed the non-stayed CLRA claim with prejudice, but the stayed claim

13  remains in this case.  Thus, it is proper for paragraph 53 to remain in the SAC.

14          In accord with all of the above, Sprint's motion to dismiss is hereby GRANTED.  All

15  non-stayed claims in the SAC are dismissed with prejudice.

16          Pursuant to the parties' joint request in their June 7, 2010 case management

17  conference statement, all future dates in this action are hereby VACATED until the action

18  before the Federal Communications Commission ("FCC") is resolved.  For control purposes,

19  the Court will schedule a case management conference on **October 4, 2010, at 1:30 PM.**

20  The parties shall meet and confer and file a joint case management conference statement on

21  or before **September 27, 2010.**  If the FCC matter has yet to be resolved by that date, the

22  parties shall so advise the Court in a stipulated request to continue the case management

23  conference for not more than 120 days.

24

25  **IT IS SO ORDERED.**

26

27  Dated:   06/09/10

28                                              THELTON E. HENDERSON, JUDGE
                                                UNITED STATES DISTRICT COURT

United States District Court

For the Northern District of California